**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**SOL HOKE,**

    **Plaintiff,**

vs.                                        **CASE NO. 4:21-CV-00128-WS-MAF**

**SHAVONNA MURPHY,
et al.,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon *sua sponte* review. Plaintiff is a pre-trial detainee, proceeding *pro se* and *in forma pauperis*. On May 2, 2021, Plaintiff submitted his third version[1] of a civil rights complaint, pursuant to 42 U.S.C. § 1983. ECF No. 12. The Court reviewed the complaint as required under 28 U.S.C. § 1915A and found it legally insufficient. ECF No. 13. The Court entered an order directing Plaintiff to file an amended civil rights complaint by June 6, 2021. To date, Plaintiff has failed to do so. For the reasons stated below, Plaintiff's complaint should be dismissed.

---

[1] Plaintiff attempted to amend his complaint on three occasions. ECF Nos. 6, 10, and 12. The first two amendments were entitled "First Amended Complaint." ECF Nos. 6 and 10. Plaintiff's second amended complaint (ECF No. 10) was duplicative of his first amended complaint; therefore, it was stricken (ECF No. 11). Plaintiff titled his latest version of the complaint as "Second Amended Complaint." ECF No. 12.

## I. Plaintiff's Complaint, ECF No. 1

Plaintiff sued three defendants solely in their official capacities: Shavonna Murphy, a "nurse" at Florida State Hospital; Dr. Josefina Baluga, the medical director of the Florida State Hospital; and Dr. Weaver-Mitchell, the medical director at the Hillsborough County Sheriff's Office. ECF No. 12, pp. 2-3. Plaintiff generally claims that from December 18, 2017, through April 10, 2018, Defendant Murphy "repeatedly sexually victimized" him. Id., p. 5. Plaintiff claims that, on September 16, 2019 (sixteen months after the period of alleged "victimiz[ations]" ended), he reported the incidents to the Hillsborough County Sheriff, which led to Defendant Murphy's arrest and criminal charges and the termination of her employment. Id., p. 5.

Plaintiff alleges that Defendant Baluga, "failed to notify law enforcement once security was aware of the violation as required by law [and] the only action taken was to terminate [Defendant] Murphy's employment." Id., p. 5. Plaintiff generally alleges that Defendant Baluga failed to provide proper security measures to prevent the assault, failed to document the assault, failed to treat Plaintiff, and acted with deliberate indifference by refusing him access to the forms for counseling and grievances. Id., p. 6. Plaintiff alleges that Defendant Weaver-Mitchell failed to provide medical care for possible post-traumatic stress disorder related to

sexual trauma on eight specific occasions beginning in October 2019 through February 2021. Id., p. 5-6. There are no other facts.

Plaintiff seeks $50,000,000 to pay for lifetime counseling, as well as mental and emotional damages. Id., p. 7.

## II. Shotgun Pleadings are Not Permissible.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

"A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'— does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.,

598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

In this case, Plaintiff raises several Eighth Amendment claims. "A prison official violates the Eighth Amendment when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014) (emphasis and internal quotation marks omitted); Farmer v. Brennan, 511 U.S. 825, 828 (1994). "To prevail on such a claim brought under § 1983, the plaintiff must show: (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) a causal connection between the defendants' conduct and the Eighth Amendment violation." Townsend v. Jefferson Cty., 601 F.3d 1152, 1158 (11th Cir. 2010). See Franklin v. Curry, 738 F.3d 1246, 1250 (11th Cir. 2013) ("[d]eliberate indifference requires the following: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence").

A. Plaintiff's Claims Against Defendant Murphy Are Insufficient.

To sufficiently state a claim against Defendant Murphy, it is not enough for Plaintiff to generally allege "sexual victimization" during a five-month window. "Sexual victimization" is simply too vague a term to properly set forth an Eighth Amendment claim because it might include anything from verbal statements or non-verbal cues to actual, physical battery causing traumatic

bodily injury. Although Plaintiff is not required to provide all the explicit details about a sexual assault or rape, if that occurred, he is still required to provide enough facts to support his allegations. This is particularly true if, as Plaintiff claims, Defendant Murphy was arrested and charged with a crime because there would be sufficient facts to support a criminal complaint.

B. <u>Plaintiff's Claims Against Defendant Baluga are Insufficient</u>.

Plaintiff articulates no facts related to any encounter with Defendant Baluga where he asked her for any forms to document the alleged assaults or requested counseling. In addition, Plaintiff does not provide any facts as to how Defendant Baluga failed to protect him. In short, Plaintiff's claims largely amount to legal conclusions.

Plaintiff cannot simply "plead the bare elements of [a] cause of action" but must provide facts which present a "plausible claim for relief" to survive a motion to dismiss. See <u>Randall v. Scott</u>, 610 F.3d 701-708-09 (11th Cir. 2010) (concluding there is no "heightened pleading standard" under Rule 8, including civil rights complaints) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 687 (2009)). Plaintiff must allege the facts which support the claim raised against each defendant. Legal conclusions are insufficient.

### III. Plaintiff's Claims under a Theory of Respondeat Superior Fail.

Because Plaintiff raises claims against Defendants Baluga and Weaver-Mitchell solely in their official capacities, it can be assumed Plaintiff is attempting to sue them under a theory of vicarious liability as directors at their respective facilities. However, "liability under § 1983 may not be based on the doctrine of *respondeat superior*." Craig v. Floyd County, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003); see Denno v. Sch. Bd. of Volusia Cty., 218 F.3d 1267, 1276 (11th Cir. 2000), cert. den'd, 531 U.S. 958 (2000). Instead, a government entity may be liable "only where the [government entity] itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). Plaintiff must establish that an official policy or custom was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978). The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." Craig, 643 F.3d at 1310 (citation omitted).

Because Plaintiff provides no facts to allege there is a policy or custom at Florida State Hospital that led to a constitutional violation, Plaintiff's claims should be DISMISSED.

## IV. Plaintiff's Claims are Barred by the Eleventh Amendment.

The Eleventh Amendment serves as a jurisdictional bar to a suit against a state in federal court unless: (1) the state has explicitly consented to suit, thus waiving its sovereign immunity; or (2) Congress has specifically abrogated a state's Eleventh Amendment immunity. Seminole Tribe of Florida v. Florida, 517 U.S. 44, (1996). Florida's sovereign immunity extends to its agencies, subdivisions, or officers. See Alabama v. Pugh, 438 U.S. 781, 782 (1978); Fitzgerald v. McDaniel, 833 F.2d 1516 (11th Cir. 1987). That "bar exists whether the relief sought is legal or equitable." Papasan v. Allain, 478 U.S. 265, 276 (1986). Naming a government official in his official capacity is the equivalent of naming the governmental entity itself. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). A state official, however, may be sued in his official capacity when the suit alleges a constitutional violation by the official, acting in his official capacity and seeks only prospective injunctive relief. See Grizzle v. Kemp, 634 F.3d 1314, 1319 (11th Cir. 2011). The Eleventh Amendment, however, does not bar suits for equitable relief against state officials in their official capacities, Pennhurst

State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984), nor for damages against state officials in their individual capacities. Hafer v. Melo, 502 U.S. 21, 25-27 (1991).

Additionally, "qualified immunity shields government officials from liability for civil damages for torts committed while performing discretionary duties unless their conduct violates a clearly established statutory or constitutional right." Hadley v. Gutierrez, 526 F.3d 1324, 1329 (11th Cir. 2008) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The court considers: "whether the facts alleged show the officer's conduct violated a constitutional right," and (2) "whether the right was clearly established" at the time of the alleged transgression. Pearson v. Callahan, 555 U.S. 223, 232 (2009); Keith v. Dekalb Cty., 749 F.3d 1034 (11th Cir. 2014).

Because Plaintiff sues all Defendants in their official capacities and seeks only money damages, his claims should be DISMISSED.

## V. Failure to Comply with Court Orders under Fed. R. Civ. P. 41(b).

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes

the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court cannot proceed with a complaint which amounts to a shotgun pleading where Plaintiff has failed to respond to the Court's order directing him to file a properly amended complaint.

The procedural history of this case is relevant. On four occasions, the Court directed Plaintiff to properly amend his complaint by identifying the issues as outlined above, each time warning that failure to comply would likely result in a recommendation of dismissal. ECF Nos. 4, 9, 11, and 13. Plaintiff's failure to comply warrants dismissal.

## VI. Conclusion and Recommendation

It is respectfully RECOMMENDED that Plaintiff's complaint be DISMISSED because it is an impermissible shotgun pleading or otherwise fails to properly state a claim and for failure to comply with Court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. See also Moon

v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be CLOSED. Finally, it is recommended that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IN CHAMBERS at Tallahassee, Florida on June 14, 2021.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).