# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**SOL HOKE,**

    **Plaintiff,**

vs.                          Case No.:  4:21-cv-00128-WS-MAF

**SHAVONNA MURPHY,**
**et al.,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff's latest filing is a "Response" to the Court's order, ECF No. 43, which directed him to provide information to locate one of the defendants, Dr. Weaver Mitchell. ECF No. 48. Plaintiff claims he is only suing the state hospital; Doctor Baluga; and Shavonna Murphy, "the nurse that raped [him] while [he]was heavily medicated" and not anyone else. Id. Plaintiff's motion is liberally construed as a notice under Fed. R. Civ. P. 41(a) to voluntarily dismiss Dr. Mitchell from this case and informing the Court that he is unable to locate this defendant. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). This Report recommends Plaintiff's claims against Dr. Mitchell be dismissed. A brief discussion of the procedural posture of this case is warranted.

I. **Procedural Posture**

Plaintiff initiated this case on March 6, 2021, the date he delivered it to the prison authorities for mailing. Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Plaintiff was provided numerous opportunities to amend his complaint. ECF Nos. 4, 9, 11, 13, and 22. This case is proceeding on Plaintiff's third amended complaint which was filed on **September 15, 2021**. ECF No. 23.

The Court adopted the undersigned's report allowing the claims against Murphy, Mitchell, and Baluga to proceed but dismissing the claims against the state hospital. ECF Nos. 28, 29. The state hospital is no longer a party to this action. Id. Plaintiff was granted sufficient opportunity to object to the findings, but he did not do so. ECF No. 28.

The Court issued summonses to have Defendant Mitchell served with the operative complaint, but they could not be executed. ECF Nos. 33, 34, 38, and 42. Plaintiff drafted and submitted his own summonses for Defendant Mitchell, clearly indicating that he was including Defendant Mitchell in the lawsuit. ECF Nos. 23, p. 25-26, 51-52, 79-80; 31-1; 36-2. The Court ordered Plaintiff to assist in locating Defendant Mitchell and advising him of Fed. R. Civ. P. 4(m). ECF No. 43. The Court exhausted its options in its attempts to serve the defendant. Plaintiff filed the instant response. ECF No. 43. Now,

Plaintiff maintains that he does not intend to sue Defendant Mitchell and cannot provide information so this defendant can be served.

## II. Discussion

### A. Failure to Serve a Defendant

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As of the day of the drafting of this Report, **224** days have passed since Plaintiff filed a legally sufficient complaint. ECF No. 23. The Court made several attempts to locate and serve Dr. Mitchell, including directing Plaintiff to confirm the name, spelling, and address of this defendant. ECF Nos. 32, 35, 36, and 37. Further Court efforts included an online search of medical licenses throughout the Florida Department of Health, but there is no state license issued in this defendant's name as provided by Plaintiff.

The Court previously ordered Plaintiff to provide correct information within a response, but instead he submitted his own draft summonses. ECF No. 36. Although that was an improper response, the Court still attempted to use that information to serve this defendant to no avail. The Court advised

Plaintiff that no further service efforts could be made until Plaintiff could provide the Court with proper information and suggested limited discovery so Plaintiff could locate this defendant. Instead, Plaintiff filed the instant response stating he cannot provide further information and does not intend to sue Dr. Mitchell. ECF No. 43. Thus, the case against Dr. Mitchell should be dismissed.

### B. Notice of Voluntary Dismissal

Federal Rule of Civil Procedure 41(a) provides that an action may be dismissed "without a court order by filing . . . a notice of dismissal at any time before the adverse party serves his answer." Fed. R. Civ. P. 41(a)(1)(A)(ii). No parties have been served in this case. An order may suffice to confirm that the case is dismissed without prejudice. Fed. R. Civ. P. 41(a)(1)(A)(i). Nonetheless, given the course of this case and to avoid any misunderstanding, the undersigned issues this Report and Recommendation which provides Plaintiff with time to consider the effect of his filing.

## III. Conclusion and Recommendation

For the reasons stated, the undersigned respectfully **RECOMMENDS** that the case against Defendant Weaver Mitchell be **DISMISSED** pursuant to Fed. R. Civ. P. 4(m) for failure to timely serve or, alternatively, by **GRANTING** Plaintiff's notice of voluntary dismissal, ECF No. 48, as

permitted under Fed. R. Civ. P. 41(a). The case shall **CONTINUE** against Defendants Baluga and Murphy.

IN CHAMBERS at Tallahassee, Florida on April 27, 2022.

> s/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).