IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SOL HOKE,

    *Plaintiff*,

v.                                        Case No.: 4:21cv128-MW/MAF

SHAVONNA MURPHY, *et al.*

    *Defendants*.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 91, and has also reviewed *de novo* Defendants' objections, ECF No. 92. Defendants raise several objections, none of which merits any modification of the Report and Recommendation. Each objection is addressed in turn.

First, Defendants argue that the Magistrate Judge should have "dismissed" Plaintiff's mooted claims for declaratory and injunctive relief with prejudice rather than simply denying Defendants' motion to dismiss them as moot. *See* ECF No. 92 at 3. However, what Defendants request is not possible. This Court previously determined that Plaintiff's claims for injunctive and declaratory relief are moot. *See* ECF No. 29. Dismissal of claims based on mootness is jurisdictional, *Sierra Club v. EPA*, 315 F.3d 1295, 1299 (11th Cir. 2002), and dismissal for lack of jurisdiction is

always without prejudice because this Court cannot reach the merits of the claims, *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Accordingly, the Magistrate Judge properly denied Defendants' motion to dismiss Plaintiff's injunctive and declaratory claims as moot, and any effort to dismiss Plaintiff's claims *with prejudice* is improper. To the extent there is any ambiguity in its earlier orders, this Court now makes plain that its prior dismissal of Plaintiff's claims for declaratory and injunctive relief as moot, ECF No. 29 at 2, is without prejudice.

Second, Defendants assert that the Magistrate Judge erred in construing Plaintiff's complaint as suing them in both their official and individual capacities. However, Defendants fail to provide any binding authority establishing that the Magistrate Judge's liberal interpretation of the *pro se* prisoner Plaintiff's claim to include an individual capacity claim is impermissible. This Court's own review uncovered no authority supporting this assertion. Given the liberal interpretation this Court must afford to a *pro se* litigant's pleadings, and without binding authority to the contrary, this Court finds that the Magistrate Judge's construal of Plaintiff's suit to include both official- and individual-capacity claims is appropriate.[1] Further,

---

[1] Other courts have liberally construed *pro se* prisoner filings to include both official- and individual-capacity claims. *Brown v. Crow*, No. 2:14-CV-899-MHT, 2017 WL 2858286, at *1 (M.D. Ala. Apr. 18, 2017), *report and recommendation adopted,* No. 2:14CV899-MHT, 2017 WL 2837011 (M.D. Ala. June 30, 2017).

2

Defendants' inclusion of a footnote in its motion to dismiss claiming to reserve the right to raise personal-capacity defenses later, *see* ECF No. 82 at 10—despite the Magistrate Judge expressly construing the complaint to include such claims in its screening report and recommendation, *see* ECF No. 28 at 1—is insufficient to merit dismissal on those grounds here.

    Third, Defendants argue that the Magistrate Judge should have looked at the discrepancies between the factual allegations in their motion to dismiss and those in Plaintiff's response to determine that he did not exhaust his administrative remedies prior to filing suit. However, Defendants' argument improperly shifts the burden to Plaintiff to establish exhaustion. The process for determining whether Defendant established the defense of exhaustion is as follows:

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.

*Dimanche v. Brown*, 783 F.3d 1204, 1210 (11th Cir. 2015). However, Defendants' motion to dismiss does not include factual allegations regarding their grievance procedure—instead, it points to facts that Plaintiff failed to allege regarding the grievance procedure at the subject facility. *See* ECF No. 82 at 11–13. Defendants' observation that Plaintiff failed to consistently allege details regarding the grievance

3

procedure—without factual allegations of their own—does not satisfy their burden of proving that Plaintiff failed to exhaust his administrative remedies.

Fourth, Defendants describe the grievance procedure at their institution and argue that these allegations are sufficient to establish their exhaustion defense. ECF No. 92 at 8. Tellingly, Defendants do not acknowledge that they are alleging these facts for the first time in their objection to the Report and Recommendation. This fact is fatal to their objection. This Court has the discretion to decide whether to consider and evaluate new arguments that a party did not raise before the magistrate judge. *Club Madonna Inc. v. City of Miami Beach*, 42 F.4th 1231, 1259 (11th Cir. 2022). This Court declines to do so here, where Plaintiff could have responded to negate the exhaustion defense had Defendants properly raised these allegations and argument.

Fifth, Defendants argue that Plaintiff's allegations fall short of establishing a viable First Amendment retaliation claim. Specifically, Defendants contend that

> [i]f as Plaintiff alleged Defendant Murphy threatened to drug him and continue to rape him if he reported the abuse, there could be no adverse effect on his protected speech and no deterrence because he also alleged she continued to rape him anyway from the first instance in mid-January 2018 until his departure April 10, 2018.

ECF No. 92 at 9. Defendants' argument frames Plaintiff's factual allegations too narrowly. Construing Plaintiff's allegations in the light most favorable to him and drawing all reasonable inferences in his favor—as this Court must—Plaintiff alleges

4

that Defendant Murphy sexually assaulted him, threatened to sexually assault him again if he reported it, and continued to sexually assault him after he attempted to file a grievance. *See* ECF No. 23. These allegations are sufficient to demonstrate that Defendant Murphy's alleged conduct would have deterred a person of "ordinary firmness" from exercising his First Amendment right to file a grievance and that there exists a causal connection between Plaintiff's right to file a grievance and the alleged sexual assaults. *See Jacoby v. Baldwin Cnty.*, 666 F. App'x 759, 762 (11th Cir. 2016) (unpublished).

Sixth, Defendants argues that Plaintiff's Eighth Amendment claims should fail because Plaintiff is a pretrial detainee and his claim is governed instead by the Fourteenth Amendment. ECF No. 92 at 10–11. Because this Court previously interpreted this claim under the Eighth Amendment, Defendants insist that the Magistrate Judge's "retroactive determination of the applicable Fourteenth Amendment in place of the inapplicable Eighth Amendment claims is unfair." *Id.* at 11. However, Defendants fail to acknowledge that the standards for evaluating Plaintiff's claims, whether under the Eighth Amendment or the Fourteenth Amendment, are the same. *E.g., Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1115 (11th Cir. 2005). Accordingly, this Court cannot discern

any prejudice Defendants may have suffered from the miscited constitutional provision included in prior rulings. Defendants' objection fails.[2]

Seventh, Defendants argue that "[b]ecause the Court did not make a relevant Due Process Clause of the Fourteenth Amendment determination only a determination under the inapplicable Eighth Amendment, the state tort claims including mental and emotional damages should not proceed but should be dismissed." ECF No. 92 at 11. Defendants fail to provide any authority for this assertion, likely because, as set out above (and acknowledged in Defendants' own motion), the standards for evaluating Plaintiff's claims under either the Eighth Amendment or the Fourteenth Amendment are the same.

Eighth, Defendants contend that Plaintiff's "allegations lack dates and negate his claim because he made no report to law enforcement until long after Defendant Murphy left FSH. He should not be given a pass for failing to sufficiently allege timing." Defendants again attempt to put the burden to prove exhaustion on Plaintiff—which is squarely foreclosed by binding caselaw. *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

---

[2] To the extent that Defendants' lone statement that "[t]he complaint is a shotgun pleading" is sufficient to raise an objection to the Magistrate Judge's finding to the contrary, this Court finds that the complaint is not a shotgun pleading. Plaintiff's complaint does not fail "to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading." *See Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (unpublished).

Ninth, Defendants repeat their objection that the Magistrate Judge's "retroactive determination of the applicable Fourteenth Amendment" in the Report and Recommendation "in place of the inapplicable Eighth Amendment" cited in the screening report and recommendation "is unfair." ECF No. 92 at 14. This argument is baseless because, as explained above, the standards for evaluating Plaintiff's claims under either the Eighth Amendment or the Fourteenth Amendment are the same.

Accordingly,

**IT IS ORDERED**:

1. The Report and Recommendation, ECF No. 91, is **accepted**, over Defendants' objections, as this Court's opinion.
2. Defendants' motion to dismiss, ECF No. 82, is **GRANTED in part** and **DENIED in part**.
    a. Specifically, Defendants' motion is **GRANTED** as to Plaintiff's official capacity claims, which are **DISMISSED without prejudice**.

   b. The remainder of Defendants' motion is **DENIED**.

3. The case is referred to the Magistrate Judge for further proceedings in light of this order.

**SO ORDERED on April 18, 2023.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**
