IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**SOL HOKE,**

    **Plaintiff,**

vs.                                                             Case No.: 4:21-cv-00128-WS-MAF

**SHAVONNA WALKER,**
**et al.,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Sol Hoke, an inmate proceeding *pro se* and *in forma pauperis*, filed a third amended complaint. ECF No. 23. This matter comes before the Court upon Dr. Josefina Baluga's motion for summary judgment, ECF No. 116, and Plaintiff's motion to voluntarily dismiss his claims against Dr. Baluga. ECF No. 123. After careful consideration, as stated below, Plaintiff's motion for voluntary dismissal should be denied; Dr. Baluga's motion for summary judgment should be granted; and a partial final judgment should be entered in Dr. Baluga's favor.

**I.   Standard of Review**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper:

> [i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.
>
> Accordingly, summary judgment should be entered only against
>
>> a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citations omitted).

Thus, pursuant to Celotex and its progeny, a movant for summary judgment bears the initial responsibility of informing the court of the basis for her motion by identifying those parts of the record that demonstrate the nonexistence of a genuine issue of material fact. This demonstration need not be accompanied by affidavits. Hoffman v. Allied Corp., 912 F.2d 1379, 1382 (11th Cir. 1990). If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the non-moving party to present sufficient evidence

to rebut this showing with affidavits or other relevant and admissible evidence. Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

It is the non-moving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. Earley v. Champion Int'l Corp., 907 F.2d 1077, 1080 (11th Cir. 1990). The non-moving party cannot rely solely on his complaint and other initial pleadings to contest a motion for summary judgment supported by evidentiary material, but must respond with affidavits, depositions, or otherwise show there are material issues of fact which demand a trial. See Fed. R. Civ. P. 56(e); Coleman v. Smith, 828 F.2d 714, 717 (11th Cir. 1987). The trial judge, at the summary judgment stage, does not weigh the evidence but rather determines whether there is a genuine issue for trial: "if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Baldwin Cty., Ala. v. Purcell Corp., 971 F.2d 1557, 1563 (11th Cir. 1992). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing Anderson, supra).

The Supreme Court has stressed:

> [w]hen the moving party has carried its burden under rule 56(c) its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'

Matasushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. Finally, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

## II. Dr. Baluga's Motion for Partial Summary Judgment, ECF No. 113.

In this case, Plaintiff alleged that while he was a patient at Florida State Hospital (FSH) a "nurse" drugged him, threatened him, and sexually assaulted him on numerous occasions. ECF No. 23. Plaintiff identified Defendant Walker[1] as the "nurse" and claimed Dr. Baluga, in her role as

---

[1] At the time this case was initiated, Defendant Walker's name was Shavonna Murphy, but since that time, she changed her last name to Walker.

Case No.: 4:21-cv-00128-WS-MAF

FSH's medical executive director, knew of the abuse and failed to protect Plaintiff. Id.

In the summary judgment motion, Dr. Baluga maintains Defendant Walker was not a nurse; Walker was a member of the "direct care staff" not clinical staff. ECF No. 116, p. 7. "Direct care staff are not licensed nor allowed to administer or have access to medications." Id. Accordingly, Dr. Baluga was not Defendant Walker's supervisor and had no authority over her. Id. Similarly, Dr. Baluga's duties did not include supervising any security staff, monitoring surveillance cameras, or distributing grievance forms. Id. Dr. Baluga states that Plaintiff never reported any abuse to her or anyone else while he was at FSH. Id., p. 12. Plaintiff did not report anything to anyone until after he was discharged from FSH. Id., p. 19. Moreover, Defendant Walker did not and could not administer any medications to Plaintiff because she did not have any access to prescriptions; and no other employee could authorize Defendant Walker to do so. Id., p. 22. Thus, Plaintiff's claims fail as a matter of law.

### III. Plaintiff's Motion for Voluntary Dismissal, ECF No. 123.

Plaintiff did not file a reply to Dr. Baluga's motion for summary judgment. Instead, Plaintiff moved to voluntarily dismiss his claims against Dr. Baluga. ECF No. 123. Plaintiff agrees that to prevail on his failure to

protect claim, a "supervisor must be aware that a constitutional violation was occurring and that . . . she did not reasonably respond." Id., p. 2. Plaintiff admits that "after reflection . . . and facts developed through discovery," he has no "proof" to support his claims and the claims should be dismissed. Plaintiff does not dispute any of Dr. Baluga's assertions. Id.

Dr. Baluga filed a response to Plaintiff's motion in which she refuses to stipulate to dismissal and maintains that summary judgment in her favor is proper because there is no genuine issue of fact for trial and because Plaintiff did not file a response to the motion for summary judgment. ECF No. 125.

## IV.  Discussion

Plaintiff's motion for voluntary dismissal is governed by Rule 41(a)(1) of the Federal Rules of Civil Procedure, which provides: ". . . the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." These requirements have not been satisfied.

Dr. Baluga's motion for summary judgment was pending; and there is no stipulation of dismissal signed by the parties. Federal Rule of Civil Procedure 41(a)(2) permits voluntary dismissal "only by court order on terms that the court considers proper." However, there is no right to a voluntary

dismissal; and "the court should keep in mind the interests of the defendant."

Arias v. Cameron, 776 F.3d 1262, 1269 (2015).

> A district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2), Fed. R. Civ. P. . . . Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit.

Id., at 1268 (internal citations omitted).

This case has been pending for more than two and one-half years. Plaintiff did not respond to Dr. Baluga's motion for summary judgment and concedes there is no evidence to support his claims against Dr. Baluga. ECF No. 122. Without any genuine issues for trial, summary judgment, in Dr. Baluga's favor, should be granted.

Moreover, Plaintiff's lack of response authorizes the Court to grant Dr. Baluga's motion by default and to dismiss all the claims against her with prejudice. A motion to dismiss is not a response. Federal Rule of Civil Procedure 56(c)(1)(B) provides that a party can prevail on a motion for summary judgment "if the adverse party cannot produce admissible evidence to support the fact." "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that

the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). See also N.D. Fla. Loc. R. 56.1(g) ("A motion may be resolved against a party without a hearing and without further notice—at any time after the party has had an opportunity to file a memorandum and evidence under this rule."). That is the case here. By default, and, as a matter of law, Dr. Baluga is entitled to summary judgment in her favor.

**V.     Conclusion and Recommendation**

For the reasons stated above, it is respectfully **RECOMMENDED** that:

1. "Plaintiff's Motion Requesting Voluntary Dismissal of Defendant Josefina B[a]luga," ECF No. 123, should be **DENIED**.

2. "Defendant Josefina M. Baluga's Motion for Partial Summary Judgment," ECF No. 116, should be **GRANTED**; and the case against Dr. Baluga should be **DISMISSED WITH PREJUDICE**.

3. A partial final judgment should be entered in Defendant Baluga's favor and against Plaintiff.

4. The case against Defendant Walker should continue to trial.

**DONE AND ORDERED** on October 16, 2023.

                                     s/ Martin A. Fitzpatrick
                                     **MARTIN A. FITZPATRICK**
                                     **UNITED STATES MAGISTRATE JUDGE**