IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**SOL HOKE,**

    *Plaintiff*,

v.                                                   Case No.: 4:21cv128-MW/MAF

**SHAVONNA WALKER, et al.,**

    *Defendants*.

_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 197, and has reviewed *de novo* Defendants Porter and Quam's objections, and Plaintiff's expedited response, ECF No. 200.

Defendants Porter, Quam, and Jackson have filed motions to dismiss, asserting, among other arguments, that the claims alleged against them in Plaintiff's Fourth Amended Complaint are time barred. The Magistrate Judge recommends rejecting Defendants' time-bar arguments because (1) the claims raised in the Fourth Amended Complaint are timely under Florida's statute of limitations for intentional torts based on abuse, as Plaintiff did not discover the causal relationship between Defendants Porter, Quam, and Jackson and his alleged abuse until between 2023 and 2024, and (2) even if the typical four-year limitations period applies, the Fourth Amended Complaint relates back to Plaintiff's original complaint and Plaintiff's

Third Amended Complaint. Defendants contend the report and recommendation is wrong with respect to the statute-of-limitations issue and the relation-back issue. This Court will address each in turn.

I

Starting with the statute of limitations, this Court agrees with Defendants that "Florida's four-year statute of limitations applies to [Plaintiff's] claims of deprivation of rights under 42 U.S.C. § 1983." *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (cleaned up). This Court rejects the recommendation that the statute of limitations for intentional torts based on abuse applies in this case. *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989) (holding that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions").

Plaintiff's contention that this non-applicable statute of limitations is merely "a state law codification of Florida's well-worn delayed discovery doctrine," ECF No. 200, is of no moment. Florida's "delayed discovery doctrine has not been extended to § 1983 claims." *Mack v. Loizzo*, 2009 WL 4840200, at *4 (S.D. Fla. Dec. 14, 2009). Instead, "Florida law expressly provides that a cause of action accrues when the last element of the cause of action occurs," and "[t]he only recognized exceptions to this rule are certain enumerated causes of action identified by the Legislature in which accrual begins at the time the plaintiff discovers the facts giving

2

rise to the [cause] of action." *Id*. Importantly, Florida's delayed discovery doctrine as it relates to the accrual of a cause of action under Florida law is not relevant here because "[f]ederal law determines when a federal civil rights claim accrues." *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996).

Here, Plaintiff filed the Fourth Amended Complaint on May 1, 2024. ECF No. 159. The question becomes whether Plaintiff's claims against Defendants Porter, Quam, and Jackson accrued before May 1, 2020—this being the date four years before the operative complaint was filed. "A defendant may raise a statute of limitations defense on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the complaint shows on its face the applicable limitation period has run." *Thomas v. Cobb*, 2024 WL 3012787, at *1 (M.D. Ala. June 14, 2024) (citing *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982)). Defendants bear the initial burden of showing that the statute of limitations defense is applicable, and Plaintiff bears the burden of "proving circumstances that would toll the statute." *Mobley v. Kelly*, 210 WL 11623387, at *4 (M.D. Fla. June 21, 2010) (quoting *Landers v. Milton*, 370 So. 2d 368, 370 (Fla. 1979)). As for Defendants Porter, Quam, and Jackson, the four-year statute of limitations appears to have run based on the allegations in the Fourth Amended Complaint, which sets out the alleged violations that Plaintiff suffered between December 1, 2017 and late 2019. *See* ECF No. 159.

3

Accordingly, the question remains whether Plaintiff has demonstrated circumstances that would toll the statute.

While Florida's delayed-discovery doctrine does not reach the question of *when* Plaintiff's claims accrued, Florida law does provide guidance on whether the four-year statute of limitations was tolled at any point before Plaintiff filed this action. *See Mobley*, 210 WL 11623387, at *3 ("As with the length of the statute of limitations applicable to a § 1983 claim, federal courts 'generally refer to state law for tolling rules.'" (quoting *Wallace v. Kato*, 549 U.S. 384, 394 (2007)). This Court agrees with the Magistrate Judge's conclusion that the applicable statute of limitations was tolled during Plaintiff's adjudicated incompetency—namely, until November 6, 2018, when he was deemed competent to proceed in his state criminal case. *See* § 95.051(1)(d), Florida Statutes. Indeed, nobody disputes that the statute of limitations was tolled during the period of Plaintiff's adjudicated incompetency—that is, at least until he was deemed competent to proceed on November 6, 2018. But if that is the earliest time at which Plaintiff's section 1983 claims accrued, then the challenged claims would be barred by the applicable statute of limitations. Accordingly, this Court must determine whether Plaintiff's claims against Jackson, Porter, and Quam accrued before May 1, 2020, and, if so, whether the statute of limitations was tolled for any *other* reason under Florida law. *Mobley*, 210 WL 11623387, at *3 (citing *Thomas v. Lee*, 298 F. App'x 906, 908 (11th Cir. 2008)).

Under federal law, when Plaintiff's claims accrued depends on when he knew or had reason to know that he had been injured, and when he became aware or should have become aware of who had inflicted the injury. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). In other words, "[t]he statute of limitations begins to run when 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.' " *Johnson v. Culpepper*, 2021 WL 3778363, at *3 (11th Cir. Aug. 26, 2011) (quoting *Brown v. Ga. Bd. of Pardons and Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003)).

On the face of the complaint, Plaintiff knew or should have known he had been injured while at Florida State Hospital as late as April 2018. Plaintiff alleges that throughout his time at Florida State Hospital, he was repeatedly raped by Defendant Walker until April 10, 2018. ECF No. 159 ¶ 68. He alleges that Defendant Jackson assisted Defendant Walker in engaging in this misconduct at this time by serving as Defendant Walker's lookout. *Id.* ¶ 58. He alleges he "repeatedly attempted to report the abuse he suffered to [Florida State Hospital]," including by requesting grievance forms and reporting to Florida State Hospital that he was a victim of sexual battery. *Id.* ¶ 74. Nonetheless, Plaintiff alleges Defendant Porter "refused to acknowledge or investigate Plaintiff's complaints and attempted grievances, as well as Walker's actions, of which they had firsthand knowledge." *Id.* ¶ 75. In addition, Plaintiff alleges Defendant Quam "was the Chief Administrator of FSH during the

relevant timeframe," who "was responsible for the supervision of all employees . . . as well as the implementation of policies, practices, and procedures at FSH's forensic department." *Id*. ¶ 137.

Plaintiff's allegations demonstrate that he was aware of the abuse he suffered at Florida State Hospital and that he had attempted to report the abuse while he was there. Accordingly, his claims appear to have accrued as late as April 2018. But given Plaintiff's adjudicated incompetency, the statute of limitations was tolled until November 6, 2018. Thus, to avoid running out the clock, he'd have to have brought his claims against Defendants by November 6, 2022—which he did not do.

Plaintiff contends that Defendant Jackson and Defendant Walker fraudulently concealed their alleged misconduct from other Defendants in this case and that this tolls the statute of limitations with respect to Plaintiff's claims against those Defendants. *See* ECF No. 182 at 12; ECF No. 181 at 13.[1] But Plaintiff is mistaken. He relies on Florida's fraudulent concealment doctrine based on the attempted concealment of Defendant Walker's and Defendant Jackson's misconduct. *See id*. (citing *In re Palm Avenue Partners, LLC*, 611 B.R. 457 (Bankr. M.D. Fla. 2019), which applies Florida law on fraudulent concealment). "Generally, two elements are required before the equitable principle of fraudulent concealment will be utilized to

---

[1] This Court recognizes the Magistrate Judge did not address the fraudulent concealment arguments in the report and recommendation. Accordingly, this Court addresses them in the first instance.

6

toll the statute of limitations." *West Brook Isles Partner's 1, LLC v. Com. Land Title Ins. Co.*, 163 So.3d 635, 639 (Fla. 2d DCA 2015). Namely, a "plaintiff must show both successful concealment of the cause of action and fraudulent means to achieve that concealment." *Id*. (citation and quotation marks omitted). Here, Plaintiff falls short of demonstrating that any Defendant fraudulently concealed any cause of action so as to toll the statute of limitations that bars the challenged claims.

For example, with respect to Defendant Jackson, Plaintiff appears to have been aware of her participation in committing the alleged abuse prior to Plaintiff's counsel's asserted discovery of additional facts to support Plaintiff's claims in the Fourth Amended Complaint. *See, e.g.*, ECF No. 23 at 3 (Third Amended Complaint alleging that "Dr. Josefina Baluga was aware of the violation of company and staff policy by Ms. [Walker] and Ms. Monica Co-worker conducting sexual battery on patient[s] with mental disorder[s] and taking advantage of heavily sedated patients[] with no way to fight back or come to a proper response to the situation at hand."). Although Plaintiff's counsel has discovered additional facts concerning the lengths to which Defendants Walker and Jackson went to conceal their misconduct from third parties during and after their employment at Florida State Hospital, Plaintiff has not demonstrated that Defendant Jackson successfully concealed a cause of action *from Plaintiff* such that Plaintiff, with the exercise of due diligence, could not have discovered the facts supporting his claims against her. *West Brook Isles*

7

*Partner's 1, LLC*, 163 So. 3d at 639. Moreover, Plaintiff's Fourth Amended Complaint includes no allegations that Defendant Jackson fraudulently concealed her misconduct from Plaintiff, such that the statute of limitations should be tolled with respect to Plaintiffs claims against her. *Cf. Spadaro v. City of Miramar*, 855 F. Supp. 2d 1317, 1335 (S.D. Fla. 2012) (declining to find state and federal RICO claims were time barred at motion to dismiss stage where plaintiff had alleged that statute of limitations should be equitably tolled because defendants fraudulently concealed their misconduct).[2]

With respect to Defendants Porter and Quam, Plaintiff has also not alleged that these Defendants fraudulently concealed their identities or misconduct with respect to the claims asserted against them at any point prior to the running of the statute of limitations on November 6, 2022. Indeed, Plaintiff does not even assert

---

[2] The parties' fraudulent concealment arguments are largely undeveloped. However, this Court's own research and Plaintiff's citations to authority suggests that fraudulent concealment must be affirmatively alleged in the complaint. *See, e.g.*, ECF No. 181 at 12–13 (quoting *Fedance v. Harris*, 1 F.4th 1278, 1286 (11th Cir. 2021); *see also Fedance*, 1 F.4th at 1287 (holding that plaintiff "did not plausibly allege that [defendants] fraudulently concealed viable claims . . . during the limitations period"). At most, Plaintiff's Fourth Amended Complaint includes several allegations concerning Defendant Walker's and Defendant Jackson's attempts to elude authorities and conceal their misconduct from third parties, but no allegations that they attempted to conceal their misconduct from Plaintiff. *See, e.g.*, ECF No. 159 ¶ 63 ("Walker's trust and support was crucial to Jackson, who required Walker's assistance in concealing that Jackson became pregnant, and eventually had the child of Young."); *id.* ¶ 80 ("At the time she left FSH, Jackson was pregnant with Young's child and she left FSH to conceal that fact."); *id.* ¶ 91 (alleging that Jackson created a user ID under her name to allow Walker to communicate with Plaintiff while he was in jail in Hillsborough County and to permit Walker to "conceal her identity" while she communicated with Plaintiff). In the event Plaintiff must affirmatively allege fraudulent concealment to toll the statute of limitations, he has not done so here.

that these Defendants affirmatively concealed any material information with respect to their identities or conduct during the pertinent time frame. Plaintiff cannot now impute allegations about Walker and Jackson's attempted concealment to Defendants Porter and Quam in asserting these Defendants fraudulently concealed their alleged misconduct from Plaintiff.

In short, this Court concludes that, on the face of the Fourth Amended Complaint, Plaintiff's claims against Defendants Jackson, Porter, and Quam are barred by Florida's four-year statute of limitations and Plaintiff has failed to allege or otherwise demonstrate that the statute of limitations was tolled at any point after his claims accrued in November 2018. Next, this Court considers whether Plaintiff's new claims relate back to Plaintiff's original complaint.

II

In the report and recommendation, the Magistrate Judge recommends that, even if the typical four-year statute of limitations applied and the Fourth Amended Complaint was filed out of time, Plaintiff's new claims relate back to Plaintiff's original complaint and Plaintiff's Third Amended Complaint, which were both filed before the limitations period ran on November 6, 2022. ECF No. 197 at 14. "Relation back is a legal fiction employed to salvage claims that would otherwise be unjustly barred by a limitations provision." *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1368 (11th Cir. 2018).

9

"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). An amended pleading that adds a party or changes the name of a party relates back if (1) the claim arises out of the same conduct set out, or attempted to be set out, in the original pleading, (2) the new party received notice of the action such that it will not be prejudiced in defending on the merits, (3) the new party received such notice within the time period of Rule 4(m)—namely, 90 days after the original pleading is filed, and (4) the new party knew or should have known within the Rule 4(m) time period that the action would have been brought against it but for the mistake concerning the party's identity. *Lindley v. City of Birmingham*, 515 F. App'x 813, 815 (11th Cir. 2013) (citing Fed. R. Civ. P. 15(c)(1)(B), (C)(i–ii) and Fed. R. Civ. P. 4(m)).

Defendants Porter and Quam contend the Magistrate Judge erroneously applied Rule 15(c) in concluding that the Fourth Amended Complaint relates back insofar as the Magistrate Judge looked to the Third Amended Complaint rather than the "original pleading." ECF No. 198 at 10. They also object to the recommendation that the requirements of Rule 15(c)(1)(C) have been met in this case. And they contend that the Magistrate Judge erred in concluding that Defendant Porter waived any argument concerning the relation-back doctrine because he did not address the

10

argument in his motion, nor did he seek leave to file a reply to address Plaintiff's arguments in response to his motion. In response to Defendant's objections, Plaintiff asserts that Defendants all waived the ability to argue that Plaintiff's Fourth Amended Complaint does not relate back to the original pleading as they failed to address the issue in their motions to dismiss.

To start, neither side's arguments concerning waiver are well taken. This Court notes that in response to the motions to dismiss based, in part, on the statute of limitations, Plaintiff did not argue that his claims against Defendants Jackson and Quam relate back to the original complaint. *See* ECF Nos. 181 and 182. But in asserting the claims are time-barred, Defendants need only initially show that the statute of limitations defense is applicable, and then Plaintiff bears the burden of "proving circumstances that would toll the statute." *Mobley,* 210 WL 11623387, at \*4. Likewise, Defendants' suggestion that Plaintiff waived any reliance on the relation back doctrine based on his failure to affirmatively allege the doctrine in his Fourth Amended Complaint is unsupported by any citation to authority, nor is this Court persuaded that this would excuse Defendant Porter from addressing the relation back argument raised in response to his motion.

"An argument not made is waived, whether based on federal law, the law of the forum state, or the law of a foreign state." *Continental Tech. Servs., Inc. v. Rockwell Intern. Corp.*, 927 F.2d 1198, 1199 (11th Cir. 1991); *see also Mendez v.*

11

*Jarden Corp.*, 503 F. App'x 930, 937 (11th Cir. 2013) (holding plaintiff "did not sufficiently preserve her argument based on Fed. R. Civ. P. 15(c), as she did not address it in her response to [defendant's] motion for summary judgment" and thus "waived any challenge to the court's statute-of-limitations ruling"). Likewise, this Court has discretion to decline to consider a party's argument when that argument was not first presented to the Magistrate Judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Here, Plaintiff did not present any argument to the Magistrate Judge that his claims against Defendants Jackson and Quam satisfy Rule 15(c) such that they relate back to the original pleading. Accordingly, Plaintiff's relation back arguments are deemed waived with respect to Defendant Jackson's and Defendant Quam's motions to dismiss as Plaintiff failed to raise any argument that his Fourth Amended Complaint relates back to the original pleading in response to these Defendants' arguments that the Fourth Amended Complaint is barred by the statute of limitations.

As for Plaintiff's claims against Defendant Porter, Plaintiff did raise the relation back doctrine in response to Defendant Porter's motion to dismiss. ECF No. 188 at 4. Defendant Porter did not seek leave to reply concerning this issue, so this Court finds Plaintiff's argument concerning the relation back doctrine is unopposed with respect to Defendant Porter. *See Lane Construction Corp. v. Skanska USA Civil Southeast, Inc.*, 2022 WL 18773723, at *4 n. 4 (M.D. Fla. Nov. 7, 2022) (finding

12

argument raised in response to motion was unopposed based on defendant's failure to seek leave to reply concerning that issue). In so doing, this Court rejects the Magistrate Judge's report and recommendation with respect to whether Plaintiff has demonstrated, at the motion to dismiss stage, that his new claims relate back to the original pleading and substitutes this Court's own analysis as set forth above. In short, Plaintiff's claims against Defendants Jackson and Quam are due to be dismissed as barred by the statute of limitations. However, Plaintiff has demonstrated, without opposition at this juncture, that his claims against Defendant Porter relate back to the original pleading. In so ruling, this Court recognizes that this issue may arise again at the summary judgment stage and forewarns the parties that their briefing on the merits of this issue would benefit from more detailed briefing.

III

As for the balance of the report and recommendation, Defendants' objections, and Plaintiff's response to those objections, this Court agrees with the Magistrate Judge's recommendations that (1) the Fourth Amended Complaint is not a shotgun pleading, and (2) Plaintiff has otherwise stated a plausible claim for failure to train, supervise, and protect against Defendant Porter.[3] As for Defendant Porter's objection

---

[3] In any event, Defendant Porter does not move to dismiss based on a failure to state a plausible claim for failure to train, supervise, or protect.

13

that Magistrate Judge should have conducted an evidentiary hearing on the exhaustion issue, this Court recognizes that "*Bryant* instructs us that a district court may resolve disputed questions of fact on submitted papers only 'in the absence of a timely request for an evidentiary hearing.'" *McIlwain v. Burnside*, 830 F. App'x 606, 611 (11th Cir. 2020) (quoting *Bryant v. Rich*, 530 F.3d 1368, 1377 n.16 (11th Cir. 2008)). Here, Defendant Porter's motion to dismiss based on failure to exhaust administrative remedies included a timely request for an evidentiary hearing. ECF No. 184 at 15. However, as Plaintiff points out, Defendant Porter has not disputed Plaintiff's factual allegation that he was unable to exhaust his administrative remedies with respect to Defendant Porter due to the threats against him. *See* ECF No. 188 at 23. Accordingly, the Magistrate Judge need not conduct an evidentiary hearing to resolve undisputed questions of fact concerning the availability of administrative remedies.

For these reasons,

**IT IS ORDERED:**

1. The report and recommendation, ECF No. 197, is **adopted in part and rejected in part.**

2. This Court adopts the recommendation that Defendant Porter's motion to dismiss be denied because Plaintiff's argument that his claims against Porter raised in the Fourth Amended Complaint relate back to the original

pleading were undisputed and Defendant Porter has failed to demonstrate that Plaintiff failed to exhaust administrative remedies. The motion, ECF No. 184, is **DENIED**.

3. This Court rejects the report and recommendation that Defendant Quam's and Defendant Jackson's motions to dismiss be denied for the reasons set out above—namely, because the statute of limitations bars Plaintiff's claims and Plaintiff failed to argue that the claims relate back to the original pleading. The motions, ECF Nos. 175 and 176, are **GRANTED**.

4. Plaintiff's claims against Defendants Jackson and Quam are **DISMISSED as time barred**.

5. Plaintiff's claims against Defendant Porter may proceed.

6. This matter is referred back to the Magistrate Judge for further proceedings.

**SO ORDERED on May 2, 2025.**

s/Mark E. Walker  
**Chief United States District Judge**